KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
KHARI J. TILLERY - # 215669
ktillery@keker.com
ANJALI SRINIVASAN - # 304413
asrinivasan@keker.com
RYLEE KERCHER OLM - # 318550
rolm@keker.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:     415-391-5400
Facsimile:     415-397-7188

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OMAR ABDULAZIZ,<br><br>             Plaintiff,<br><br>     v.<br><br>TWITTER, Inc.; McKINSEY & CO.,<br><br>             Defendants. | Case No. 3:19 CV-06694-LB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF TWITTER, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:     May 14, 2020<br>Time:    9:30 a.m.<br>Dept.:    Courtroom B- 15th Floor<br>Judge:   Hon. Laurel Beeler<br><br>Date Filed:  October 18, 2019<br><br>Trial Date:  None Set |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# REQUEST FOR JUDICIAL NOTICE

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201, Defendant Twitter, Inc. ("Twitter") hereby respectfully requests that the Court take judicial notice of or incorporate by reference the following materials in support of its Motion to Dismiss Plaintiff's First Amended Complaint, filed concurrently herewith.

1. Twitter's December 11, 2015 email notice, attached as **Exhibit 1** to the Declaration of Twitter Employee ("Twitter Employee Declaration") in support of Twitter's Motion to Dismiss;
2. Twitter's December 11, 2015 in-app notice, attached as **Exhibit 2** to the Twitter Employee Declaration;
3. A .txt file from Twitter's records showing that Exhibit 1 was sent to Plaintiff Abdulaziz, attached as **Exhibit 3** to the Twitter Employee Declaration;
4. An excel spreadsheet showing that Exhibit 2 was sent to Plaintiff Abdulaziz, attached as **Exhibit 4** to the Twitter Employee Declaration;
5. Plaintiff Abdulaziz's Statement of Claim filed on December 2, 2018, with the Tel Aviv Jaffa Magistrates Court in Civil Action 2401-12-18, against NSO Group Technologies Ltd. and Q Cyber Technologies Ltd., attached as **Exhibit A** to the Declaration of Rylee Kercher Olm ("Olm Declaration") in support of Twitter's Motion to Dismiss;
6. Twitter's Terms of Service, with an effective date of May 18, 2015 to January 26, 2016, attached as **Exhibit B** to the Olm Declaration.
7. A publicly available Facebook post made by Plaintiff Abdulaziz, attached as **Exhibit C** to the Olm declaration.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The documents listed above are properly subject to judicial notice or incorporation by reference, and the Court should consider them when ruling on Twitter's Motion to Dismiss the Plaintiff's First Amended Complaint ("FAC").

**I.   LEGAL STANDARD**

   **A.   Judicial Notice**

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute that (1) are "generally known within the trial court's territorial jurisdiction;" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

Courts in this district recognize that "as a general matter, websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific web page. *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see, e.g.*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of web pages); *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of web-page printouts). It is similarly well-recognized that public documents, including documents filed in other courts, are suitable for judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014).

   **B.   Incorporation by Reference**

Under the doctrine of incorporation by reference, "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (citations omitted). Finding that a document is incorporated by reference is different than judicially noticing a fact, *see Tellabs,*

2
DEFENDANT TWITTER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF TWITTER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-CV-06694-LB

1373026

*Inc.*, 551 U.S. at 322; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and the standards are different too, *see Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) ("[T]he Court may *consider* [documents'] contents under the incorporation by reference doctrine even if they fail to satisfy Rule 201's requirements for *judicial notice*."). The Ninth Circuit has extended this doctrine to situations in which "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties to do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This rule exists "in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents on which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation and internal quotation marks omitted).

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS OR CONSIDER THE EXHIBITS UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE.

### A. Exhibits 1 through 4 to the Twitter Employee Declaration form the basis of Abdulaziz's FAC and should be incorporated by reference.

Exhibits 1 through 4 all relate to the notification Abdulaziz was sent regarding state-sponsored unauthorized access to his account—that notification is at the center of Abdulaziz's FAC. *See, e.g.,* FAC ¶¶ 88-89, 116, 135, 148, 157, 164-166. **Exhibit 1** is a true and correct copy of the text of the notification sent to potentially affected Twitter users via email on or about December 11, 2015. **Exhibit 2** is a true and correct copy of the English version of the in-app notification sent to potentially affected users on or about December 11, 2015. **Exhibit 3** is a true and correct copy of a .txt file maintained in Twitter's records identifying those user accounts that received the email notification shown in Exhibit 1 in English. **Exhibit 4** is a true and correct copy of a list maintained as an Excel spreadsheet in Twitter's records identifying those user accounts that were sent the in-app-notification shown in Exhibit 2. Exhibits 3 and 4 show that Plaintiff Omar Abdulaziz (User ID No. ▓▓▓▓▓▓▓) was sent both the email and in-app notices on or around December 11, 2015.

The Court may take notice of these materials under the incorporation-by-reference

3
DEFENDANT TWITTER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF TWITTER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-CV-06694-LB

1373026

doctrine. A document may be incorporated by reference into a complaint if (1) "the plaintiff refers extensively to the document", or (2) "the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the second prong, "a document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document." *In re Apple Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) (incorporating hardware warranty where plaintiff's battery defect theory necessarily depended upon the hardware warranty); *see, e.g.*, *Knievel*, 393 F.3d at 1076 (incorporating materials that provided important context for a defamation claim, even though the complaint did not reference the materials). Because Abdulaziz refers extensively to Twitter's notifications throughout his FAC, and because the notifications form the basis of Abdulaziz's claims against Twitter, Exhibits 1 through 4 satisfy these standards.

*First,* Abdulaziz's FAC refers extensively to the notifications sent by Twitter to users who were potentially impacted by Alzabarah's conduct, *e.g.*, FAC ¶¶ 88-89 ("On December 11, 2015, Twitter sent out safety notices to the owners of a few dozen accounts Alzabarah had accessed . . . ."), 116, 135, 148, 157, 164-166. Because they are referenced extensively throughout the FAC, the December 2015 email notification (Exhibit 1) and in-app notification (Exhibit 2) may be incorporated by the Court. Additionally, because Abdulaziz repeatedly alleges that he was not sent the safety notices, *e.g.*, FAC ¶¶ 88-89 ("Twitter never sent plaintiff . . . this safety notice."), 116, 135, 147-151, 156-160, 164-166, Twitter's records showing that Abdulaziz was sent the notifications (Exhibits 3 and 4) may also be incorporated by the Court.

*Second***,** as the gravamen of Abdulaziz's FAC against Twitter is that Twitter failed to notify him, the December 2015 notifications sent by Twitter (Exhibits 1 and 2) and the records showing that these notifications were in fact sent by Twitter to Abdulaziz (Exhibits 3 and 4) "form[] the basis" of Abdulaziz's causes of action against Twitter. On that basis, these exhibits may be incorporated by the Court. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006) (holding that the district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan,

where plaintiff alleged membership in the plan, and his claims depended on the conditions described in the documents); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (incorporating billing agreement even though complaint "[did] not explicitly refer to the [agreement]" because it was "integral" to plaintiff's allegations about company's billing practices). For example, in *Starks v. Geico Indem. Co.*, the plaintiffs' claimed that they never received notifications from Geico as to the change in their car insurance policy, but in moving to dismiss plaintiffs' complaint, Geico submitted copies of the notifications sent to plaintiffs by Geico. No. CV-15-5771-MWF (PJW), 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015). The Court incorporated the notifications by reference because "the notifications submitted by [Geico] are crucial to Plaintiffs' claims that they never received notifications as to the change in Plaintiffs' policy and as to the increased charges." *Id.*; *see also Chyba v. Green Tree Servicing, LLC*, No. 12-CV-2530-H (WMC), 2012 WL 12874929, at *2 (S.D. Cal. Dec. 12, 2012) (incorporating written correspondence between the parties because "[a]lthough not specifically referenced in Plaintiff's complaint, Plaintiff's claims depend on this written correspondence").

Accordingly, because Exhibits 1 through 4 to the Twitter Employee Declaration both form the basis of the FAC and are referenced extensively in the FAC, Exhibits 1 through 4 may be treated as part of the FAC under the incorporation-by-reference doctrine. *Ritchie*, 342 F.3d at 908.

**B.      Exhibit A to the Olm Declaration is a foreign court document that is properly subject to judicial notice.**

Exhibit A to the Olm Declaration is a true and correct copy of a certified English translation (as well as the original copy in Hebrew) of Abdulaziz's Statement of Claim ("the Israeli Claim") filed on December 2, 2018, with the Tel Aviv Jaffa Magistrates Court in Civil Action 2401-12-18, against NSO Group Technologies Ltd. and Q Cyber Technologies Ltd.

This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citations omitted). The Israeli Claim is directly related to this matter because in it Abdulaziz alleges that Defendants NSO Group Technologies

5
DEFENDANT TWITTER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF TWITTER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-CV-06694-LB

1373026

Ltd. and Q Cyber Technologies Ltd. allowed the Kingdom of Saudi Arabia to access his phone contents and that the defendants in that action—not Twitter—caused the harms Abdulaziz suffered in 2018 that he seeks to hold Twitter accountable for in this lawsuit.  A court filing may be judicially noticed for the fact of its filing and to determine the issues litigated.  *See, e.g., Reyn's Pasta Bella, LLC.*, 442 F.3d at 746 n.6 (taking judicial notice of filed pleadings in another court, including some filed under seal).  Further, this Court may take notice of "foreign court documents."  *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1089 n.6 (E.D. Cal. 2019) (quoting *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013)).  And a court may take judicial notice of a certified translation where the authenticity of the document is not at issue.  *GeoVector Corp. v. Samsung Elecs. Co. Ltd.*, 234 F.Supp.3d 1009, 1016 n.2 (N.D. Cal. 2017).  Exhibit A is properly subject to judicial notice because it is a certified translation of a foreign court filing and the authenticity of the document is not at issue.

### C. Exhibit B to the Olm Declaration is incorporated by reference in the FAC and is a publicly available webpage properly subject to judicial notice.

Exhibit B is a true and correct copy of Twitter's Terms of Service in effect from May 18, 2015 to January 26, 2016, when the alleged misconduct occurred, and is publicly available at https://twitter.com/en/tos/previous/version_9.  The Court may take notice of Exhibit B pursuant to both the incorporation-by-reference doctrine and pursuant to judicial notice.

The Court may consider Exhibit B under the doctrine of incorporation by reference because the FAC specifically cites to and relies on Twitter's then-effective 2015 Terms of Service.  *See* FAC ¶ 76; *see also, e.g.*, *Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 880 n.2 (N.D. Cal. 2015) (incorporating YouTube's Terms of Service); *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (incorporating ride-sharing company's terms of service and privacy policy).

In addition, the Court may also take judicial notice of Exhibit B because it is a publicly available webpage whose contents are not subject to reasonable dispute.  Courts in this district routinely take judicial notice of websites and their contents.  *See, e.g.*, *Opperman v. Path, Inc.*,

205 F. Supp. 3d 1064, 1068-1069 n.3 (N.D. Cal. 2016) (taking judicial notice of Yelp privacy policies in effect during the relevant time periods); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (taking judicial notice of Xbox software license and terms of service).

### D. Exhibit C to the Olm Declaration is a publicly available document properly subject to judicial notice.

Exhibit C is a true and correct copy of a printout of a publicly available Facebook post made by Plaintiff Abdulaziz in the ███████████████ Facebook group, available at ███████████████████████████████████████ This Facebook post discusses the ████████████████████████████████████████████, and asks that people interested in ████████ contact Plaintiff at "████████████ / or phone: ████████." The Facebook post was made on March 8, 2013.  While the FAC claims that Abdulaziz's email address and telephone number are "private information," FAC ¶ 132, this Facebook post shows that Abdulaziz's email address and telephone number have been publicly available on the internet since as early as March 2013.

Information reflecting what is in the public domain is properly subject to judicial notice under Federal Rule of Evidence 201(b).  For example, in *Von Saher v. Norton Simon Museum of Art at Pasadena*, the museum moved for judicial notice of the fact that the newspapers, magazines, and books had published information about the paintings, and the court judicially noticed the publications to "indicate what was in the public realm at the time."  592 F.3d 954, 960 (9th Cir. 2010); *see also Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (granting plaintiff's request to take judicial notice of magazine and newspaper articles and web pages to indicate what was in the public domain).

### III. CONCLUSION

For the foregoing reasons, Twitter respectfully requests that the Court take judicial notice of or incorporate by reference Exhibits 1 through 4 to the Twitter Employee Declaration and Exhibits A through C to the Olm Declaration.

| | | |
|---|---|---|
| Dated: March 12, 2020 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ Benjamin Berkowitz |
| | | BENJAMIN BERKOWITZ |
| | | KHARI J. TILLERY |
| | | ANJALI SRINIVASAN |
| | | RYLEE KERCHER OLM |
| | | |
| | | Attorneys for Defendant |
| | | TWITTER, INC. |