KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
KHARI J. TILLERY - # 215669
ktillery@keker.com
ANJALI SRINIVASAN - # 304413
asrinivasan@keker.com
RYLEE KERCHER OLM - # 318550
rolm@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OMAR ABDULAZIZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TWITTER, INC.; McKINSEY & CO.,<br><br>　　　　Defendants. | Case No. 3:19-cv-06694-LB<br><br>**JOINT STATUS REPORT**<br><br>Dept.:　　Courtroom B- 15th Floor<br>Judge:　　Hon. Laurel Beeler<br><br>Date Filed: October 18, 2019<br><br>Trial Date: None Set |

In response to the Court's April 30, 2021 order directing the parties to submit a joint status report, Plaintiff Omar Abdulaziz and Defendant Twitter, Inc. respectfully submit the following statements:

**DEFENDANT'S POSITION**

On April 14, 2021, Plaintiff's counsel informed Twitter via email that they had "not heard back from [their] client for some time now despite attempts to contact him." In the same correspondence, Plaintiff's counsel requested a 10-day extension of their deadline to file Plaintiff's Fourth Amended Complaint—then due April 19—due to the need to confer with their client to confirm facts for that anticipated amended pleading. Counsel for Twitter responded that Twitter was agreeable to extending Plaintiff's deadline to April 29 to file his Fourth Amended Complaint, provided that Plaintiff's counsel inform the Court of their inability to reach their client despite their attempts to contact him. However, Plaintiff's counsel did not agree to inform the Court of those circumstances.

On April 19, Plaintiff's counsel elected to file their Fourth Amended Complaint without further extension and without informing Twitter of whether they had been able to reach their client. On April 20 and again on April 27, 2021, Twitter contacted Plaintiff's counsel to ask whether they had been able to re-establish contact with their client. Plaintiff's counsel would not confirm whether or not they had been able to re-establish contact with their client. On April 28, Plaintiff's counsel responded to Twitter's inquiries, once again without confirming whether or not they had been able to reach their client, instead merely stating "we believe this issue is now moot in light of our filing the Fourth Amended Complaint."

On April 29, based upon Plaintiff's counsel's April 14 representation that they had been unable to contact their client and their subsequent refusals to inform the Court of that fact or to provide Twitter with any confirmation regarding whether they had been able to re-establish contact with their client, Twitter filed a Notice of Plaintiff's Counsel's Inability to Contact Plaintiff and Request for Order to Show Cause. On April 30, the Court directed the parties to confer and submit a joint status report.

//

On May 2, 2021, for the first time, Plaintiff's counsel informed Twitter that they had been in contact with Plaintiff "both before and after" the evening of April 29. Plaintiff's counsel did not indicate when they had re-established contact with their client—i.e., whether it was before or after the April 19 filing of the Fourth Amended Complaint—and also did not explain why they had refused to answer Twitter's questions about whether they had been able to re-establish contact with their client.

On May 5, 2021, counsel for the parties conferred via telephone and Twitter's counsel inquired as to when Plaintiff had re-established contact with his counsel. Plaintiff's counsel responded that Twitter should serve Plaintiff with interrogatories if it wanted to know the date when Plaintiff had re-established contact with his counsel and that Plaintiff would seek a protective order to prevent Twitter from learning this information. Plaintiff's counsel refused to answer Twitter's counsel's questions about when they had re-established contact and whether they had re-established contact with Plaintiff before or after the April 19 filing of Plaintiff's Fourth Amended Complaint. Plaintiff's counsel also did not explain why they had refused to provide such information to Twitter prior to May 2.[1]

Notwithstanding the above, in light of Plaintiff's counsel's May 2, 2021 representation that they now have been able to reestablish contact with their client, Twitter has agreed that it will withdraw its request to for an order to show cause pursuant to Rule 41(b), and hereby withdraws that request. It is also counsel for Twitter's hope that the parties will be able to work more cooperatively in the future to resolve such issues without the need of Court intervention.

**PLAINTIFF'S POSITION**

1. Plaintiff has in fact been in communication with his counsel both before and after Defendant's recent baseless filing.

---

[1] In paragraph 6 of Plaintiff's statement below, Plaintiff suggests that providing this information to Twitter's counsel may have "endangered" Plaintiff. However, Twitter's counsel did not request any information regarding Plaintiff's whereabouts or otherwise implicating his security. Twitter's counsel asked only whether Plaintiff's counsel had been able to re-establish contact with him. Moreover, prior to May 5, 2021, Plaintiff's counsel had never suggested to Twitter that merely providing information about whether they had re-established contact with their client would implicate any security concerns.

2. Defendant's claims that (a) "it appears" that the Fourth Amended Complaint was filed without confirmation of the facts contained therein and (b) that Plaintiff has decided "to no longer participate with his counsel in this litigation" are at best erroneous and at worse false.

3. Plaintiff has not missed a deadline nor has any court order been disobeyed. There is not any possible legitimate basis beyond what "appears" to the Defendant for the groundless assertions that Twitter has made.

4. Defendant sped to file its Notice of Plaintiffs' Counsel's Inability to Contact Plaintiff and Request for Order to Show Cause less than a day after Plaintiff's counsel had told defendant's counsel that Plaintiff's counsel thought that the issue was moot. Defense counsel never notified Plaintiff's counsel of their intent to file such a Notice and never sought to confer with Plaintiff's counsel about this. When asked, on May 5, 2021 why Defense counsel was in such haste to file the notice and request for an order to show cause, Defense counsel merely stated that the inquiries in their prior emails seemed sufficient.

5. When asked about what strikes the Plaintiff as defendant's undue haste in filing such a Notice just fifteen days after Plaintiff's counsel had reported an interruption of communication, Defendant relied Upon the cases referred to in its Notice. (Dismissal appropriate more than three months [and possibly nine months] after Plaintiff's counsel lost touch with his client) M.J.V. v. City of Avenal 2019 U.S. Dist. LEXIS 165790 (E.D. Cal. Sept. 25, 2019) and dismissal appropriate twelve weeks after Plaintiffs' counsel reported this. <u>Xiufang Situ v. Leavitt 2006 U.S.Dist. LEXIS 94391</u> Slip op. at pp. 8-9 (N.D. Cal. December. 18, 2006).

6. <u>Plaintiff entirely disagrees with Defendant's claim that "</u>Plaintiff's counsel also did not explain why they had refused to provide such information to Twitter prior to May 2". Defendant fails to mention that Plaintiff reminded Defense counsel that Twitter admits that it has already been infiltrated by spies from the Kingdom of Saudi Arabia which the United Nations has

implicated in the murder of Jamal Khashoggi. Defendant also fails to mention that Plaintiff has reported a worsening security situation since the Canadian government has identified Saudi assassination squads that have (at least) twice tried to enter the country with Plaintiff as one of their two targets. Defendant also failed to mention that Plaintiff's counsel offered to more fully describe the security problems to the Court *in camera* if the Court finds it necessary, but that it endangered Plaintiff to do more than that since it was not known how many KSA spies remained in Defendant's employ, and since the Royal Court of Saudi Arabia was by far the largest single Twitter stockholder.

7. After Plaintiff demanded that Twitter withdraw its Notice of Plaintiff's Counsel's Inability to Contact Plaintiff and Request for an Order to Show Cause why the Action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and notified Twitter that he was reserving all rights pursuant to Federal Rule of Civil Procedure 11 and 28 U.S. Code §1927, Twitter agreed to withdraw its Rule 41(b) request.

8. Plaintiff's position is that Twitter's filing of the Notice and Request for OSC was entirely inappropriate under the circumstances (e.g. that the Fourth Amended Complaint had been timely filed, no deadlines had been missed and there was no extended period of Mr. Abdulaziz not responding to Plaintiff's counsel).

Dated:  May 6, 2021

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

By:  */s/ Benjamin Berkowitz*
BENJAMIN BERKOWITZ
KHARI J. TILLERY
ANJALI SRINIVASAN
RYLEE KERCHER OLM

Attorneys for Defendant
TWITTER, INC.

| | |
|---|---|
| Dated:  May 6, 2021 | KLEIMAN / RAJARAM |
| | By:  /s/ Mark A. Kleiman |
| | MARK A. KLEIMAN |
| | Attorneys for Plaintiff |
| | OMAR ABDULAZIZ |

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: May 6, 2021

*/s/ Benjamin Berkowitz*
BENJAMIN BERKOWITZ