KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
ANJALI SRINIVASAN - # 304413
asrinivasan@keker.com
W. HAMILTON JORDAN - # 295004
wjordan@keker.com
RYAN J. HAYWARD - # 330924
rhayward@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant X Corp.,
as Successor in Interest to
Named Defendant Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMAR ABDULAZIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TWITTER, INC.; McKINSEY & CO.,<br><br>    Defendants. | Case No. 3:19-cv-06694-LB<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:    Hon. Laurel Beeler<br><br>Date Filed:  October 18, 2019 |
| ALI AL-AHMED,<br><br>    Plaintiff,<br><br>    v.<br><br>TWITTER, INC.; ALI HAMAD A ALZABARAH; and AHMAD ABOUAMMO,<br><br>    Defendants. | Case No. 3:21-cv-08017-EMC<br>*(case to which relation is requested)*<br><br>Judge:  Hon. Edward M. Chen<br><br>Date Filed:    October 13, 2021<br>Trial Date:    None Set |

| | |
|---|---|
| AREEJ AL-SADHAN, and ABDULRAHMAN AL-SADHAN, an Incompetent, by his Sister and Next Friend AREEJ AL-SADHAN,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., KINGDOM OF SAUDI ARABIA, SAUD AL-QAHTANI, AHMAD ABOUAMMO, ALI ALZABARAH, AHMED ALMUTAIRI a/k/a AHMED ALJBREEN, BADER AL-ASAKER, SAUDI ARABIAN CULTURAL MISSION, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 4:23-cv-02369-HSG<br>*(case to be considered for relation)*<br><br>Judge:   Hon. Haywood S. Gilliam, Jr.<br><br>Date Filed: May 16, 2023<br>Trial Date: None Set |

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant X Corp., as successor in interest to named Defendant Twitter, Inc. ("Twitter") hereby moves for an order relating *Al-Sadhan, et al. v. Twitter, Inc., et al.* (4:23-cv-02369-HSG) and *Al-Ahmed v. Twitter, Inc.* (No. 4:21-cv-08017-EMC) (filed October 13, 2021).[1] While *Al-Sadhan* is additionally related to *Abdulaziz v. Twitter, Inc.* (3:19-cv-06694-LB) (filed October 18, 2019), *Al-Sadhan* cannot be deemed related to *Abdulaziz* because *Abdulaziz* is before a U.S. Magistrate Judge, and the plaintiffs in *Al-Sadhan* declined to consent to U.S. Magistrate Judge jurisdiction. *See* Plaintiffs' Declination to Proceed Before a U.S. Magistrate Judge, ECF No. 16, *Al-Sadhan*, 4:23-cv-02368 (May 22, 2023); *see also* Minute Order, ECF No. 137, *Abdulaziz*, 3:19-cv-06694-LB (Nov. 22, 2021) (declining to relate *Al-Ahmed*, noting that the *Al-Ahmed* plaintiff had declined to consent to U.S. Magistrate Judge jurisdiction). Accordingly, this Administrative Motion focuses on *Al-Sadhan*'s relationship to *Al-Ahmed*, which is the earliest-filed related action before a U.S. District Judge. To ensure compliance with the local rules, Twitter nonetheless files this Administrative Motion on the *Abdulaziz* docket. *See* Civ. L. R. 3-12(b) (requiring that Administrative Motion to Consider Whether Cases Should be Related be filed "in the lowest-numbered case").

The plaintiffs in *Al-Ahmed* and *Al-Sadhan* (and also in *Abdulaziz*) each assert claims against Twitter based on the common allegation that agents of the Kingdom of Saudi Arabia ("KSA") illegally obtained access to Twitter account information in 2014 and 2015 and that the KSA used this information to target its political dissidents, including the plaintiffs. Due to the common and overlapping issues raised by the complaints in both actions, relation of these matters will conserve judicial resources, prevent unnecessary duplication of efforts, and avoid the risk of inconsistent rulings on identical factual and legal issues. Twitter therefore respectfully requests that the Court relate the *Al-Sadhan* and *Al-Ahmed* actions.

---

[1] Counsel for Plaintiffs requested that Twitter inform the Court "that Plaintiff takes no position" on Twitter's Administrative Motion "and leaves the decision to the Court." *See* Declaration of Benjamin Berkowitz in Support of Defendant's Administrative Motion to Consider Whether Cases Should be Related ¶ 2.

I. **DESCRIPTION OF RELATED CASES**

    A. *Al-Ahmed v. Twitter, Inc.* **(No. 4:21-cv-08017-EMC)**

On October 13, 2021, Ali Al-Ahmed filed a complaint in this District seeking to hold Twitter (among other defendants) liable for harms resulting from the KSA's alleged intrusion into his Twitter account information. That alleged intrusion occurred in 2014 and 2015, when Twitter and certain of its accountholders were victims of KSA-sponsored espionage. The KSA allegedly recruited two rogue Twitter employees, Ali Alzabarah and Ahmad Abouammo, to access Twitter account information without the knowledge or authorization of Twitter or the accountholders.[2] Al-Ahmed, a Saudi dissident and a self-described "prominent" online critic of the KSA,[3] alleged that the KSA improperly accessed his account and then used his account information for improper purposes, including to harass and target Saudi Twitter users who have since disappeared, been arrested, or been executed.[4] Al-Ahmed claimed that Twitter—among other defendants, including rogue former Twitter employees Abouammo and Alzabarah—was responsible for these alleged harms arising from the KSA breach.

Twitter moved to dismiss Al-Ahmed's complaint on numerous grounds, including that he lacked Article III standing and that his claims (filed in 2021) were barred by the statute of limitations due to December 2015 notices informing him of the security breach.[5] After the court granted Twitter's motion in its entirety, Al-Ahmed filed a First Amended Complaint, prompting Twitter to file a new motion to dismiss.[6] The court granted that motion, too, and entered judgment for Twitter on March 27, 2023.[7]

    B. *Al-Sadhan, et al. v. Twitter, Inc., et al.* **(4:23-cv-02369-HSG)**

On May 16, 2023, plaintiffs Abdulrahman Al-Sadhan and Areej Al-Sadhan filed a complaint seeking to hold Twitter (among other defendants) liable for harms resulting from the KSA's alleged intrusion into Abdulrahman's account information. Like in *Al-Ahmed*, the plaintiffs in *Al-Sadhan* claim that this intrusion occurred in 2014 and 2015 at the hands of rogue

---

[2] *Al-Ahmed* Compl. ¶ 7.
[3] *Id.* ¶ 16.
[4] *Id.* ¶ 26.
[5] *Al-Ahmed*, ECF No. 30.
[6] *Al-Ahmed*, ECF Nos. 49, 55 & 62.
[7] *Al-Ahmed*, ECF Nos. 69 & 75.

former Twitter employees Abouammo and Alzabarah, who are named as defendants alongside Twitter.[8] And like in *Al-Ahmed*, the plaintiffs in *Al-Sadhan* claim that the KSA used that account information to identify and then target dissidents, including plaintiff Abdulrahman (who the plaintiffs allege was subsequently arrested, tortured, convicted, and imprisoned by the KSA) and plaintiff Areej (who plaintiffs allege was harassed, threatened, and stalked by the KSA).[9] The *Al-Sadhan* complaint also claims that the KSA's espionage of Twitter facilitated the KSA's subsequent targeting of other dissidents, including Ali Al-Ahmed, the plaintiff in *Al-Ahmed*.[10]

## II.   ARGUMENT

Civil Local Rule 3-12(a) provides that cases are "related" when: (1) "[t]he actions concern substantially the same parties, property, transaction, or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, both criteria are satisfied.

### A.   The cases involve overlapping parties and factual allegations.

The actions concern substantially similar parties and events. First, the plaintiffs are similarly situated—all are critics of the Saudi regime who claim to have been targeted by the KSA as a result of their criticism.[11] Moreover, Abdulrahman Al-Sadhan, like Ali Al-Ahmed, claims that his Twitter account information was accessed by the KSA in its espionage attack on Twitter.[12] Defendant Twitter is identical in both cases, as are defendants Abouammo and Alzabarah. Although the *Al-Sadhan* complaint names additional defendants—the KSA itself, several Saudi citizens, and one U.S.-based entity that is allegedly controlled by KSA—that fact does not prevent case relation. Relation is warranted even if "certain specific defendants are different," particularly when the same pattern of conduct is alleged in both cases. *Panjwani v. MobileIron, Inc.*, No. 15-CV-01984-SC, 2015 WL 5785543, at *1 (N.D. Cal. Oct. 5, 2015). And the individual defendants Alzabarah and Abouammo are prominently featured in each action's complaints, as these are the two former Twitter employees that the plaintiffs in both cases allege

---

[8] *Al-Sadhan* Compl. ¶¶ 35, 38.
[9] *Id.* ¶¶ 36, 54, 57, 58.
[10] *Id.* ¶ 57.
[11] *See Al-Ahmed* Compl. ¶¶ 1, 47; *Al-Sadhan* Compl. ¶¶ 1, 4, 97.
[12] *See Al-Ahmed* Compl. ¶¶ 47; *Al-Sadhan* Compl. ¶¶ 32, 35, 36.

carried out the KSA's espionage.[13]

Second, much of the same conduct is alleged in both cases. In both actions, the plaintiffs claim that, in 2014 and 2015, the KSA targeted and recruited the same two Twitter employees to secretly and illegally access Twitter account information on the KSA's behalf.[14] From this starting point, the parallel allegations proliferate: the *Al-Ahmed* and *Al-Sadhan* complaints allege that the KSA's breach of Twitter's security was part of a scheme to "silence" dissidents, including the plaintiffs, who were vocal critics of the KSA;[15] that the breach was accomplished only because Twitter permitted its employees "access" to its resources, which those employees then "exploited"[16]; that the KSA and/or high-ranking Saudi officials own significant shares of Twitter stock,[17] and as such, Twitter stood to gain financially from enabling the KSA's breach;[18] that these pecuniary ties are further evidenced by (former) Twitter CEO Jack Dorsey's alleged relationships with KSA officials;[19] that the KSA-directed Twitter breach led to the loss of allegedly private information belonging to dissidents (including plaintiffs) such as telephone numbers and IP addresses;[20] and that given such loss, Twitter breached its own terms of service.[21] Also, each complaint relies on allegations made by the Department of Justice in *United States v. Abouammo, et al.*, No. 3:19-cr-000621-EMC (N.D. Cal.), the federal criminal case against the two rogue former Twitter employees.[22] Taken together, these substantially identical allegations comprise the gravamen of each case's allegations against Twitter.

Because the actions concern substantially overlapping parties and factual allegations, case relation is appropriate.

---

[13] *Compare, e.g., Al-Ahmed* Compl. ¶¶ 6–7, 21–24, 39–40, 45, 47 *with Al-Sadhan* Compl. ¶¶ 6, 16–19, 22, 38–49, 52, 55, 59–60.
[14] *Compare Al-Ahmed* Compl. ¶¶ 21–23, 39–40, 47 *with Al-Sadhan* Compl. ¶¶ 6, 38–49, 52, 55, 59–60.
[15] *Compare Al-Ahmed* Compl. ¶¶ 1, 22 *with Al-Sadhan* Compl. ¶¶ 31, 54, 58, 107, 142.
[16] *Compare Al-Ahmed* Compl. ¶ 24 *with Al-Sadhan* Compl. ¶¶ 6.
[17] *Compare Al-Ahmed* Compl. ¶ 3 *with Al-Sadhan* Compl. ¶¶ 34, 50.
[18] *Compare Al-Ahmed* Compl. ¶ 4 *with Al-Sadhan* Compl. ¶ 34.
[19] *Compare Al-Ahmed* Compl. ¶ 37–42 *with Al-Sadhan* Compl. ¶ 56.
[20] *Compare Al-Ahmed* Compl. ¶¶ 23, 49 *with Al-Sadhan* Compl. ¶ 52.
[21] *Compare Al-Ahmed* Compl. ¶¶ 29, 33, 87 *with Al-Sadhan* Compl. Ex. 1 ¶ 43.
[22] *Compare Al-Ahmed* Compl. ¶ 25, 39–40 *with Al-Sadhan* Compl. ¶¶ 38 n.20, 39–48.

**B.     Relation will conserve judicial resources, prevent unnecessary duplication of efforts and avoid the risk of inconsistent rulings on identical factual and legal issues.**

Relating the cases will minimize the risk of "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Plaintiff Al-Ahmed filed two complaints in *Al-Ahmed* alleging many of the same events alleged by plaintiffs Abdulrahman and Areej Al-Sadhan in *Al-Sadhan*. The court in *Al-Ahmed* held two motion-to-dismiss hearings and has issued two thorough written orders. *See Al-Ahmed*, ECF Nos. 42, 52, 68, 69. Twitter anticipates that its forthcoming motion to dismiss in *Al-Sadhan* will raise several of the same arguments that were at issue in its prior motions to dismiss in *Al-Ahmed*, including whether the plaintiffs have standing and whether their claims are barred by the statute of limitations. Those issues were considered and adjudicated in the *Al-Ahmed* court's orders granting Twitter's motions to dismiss. *See id.*, ECF Nos. 52 & 69. Relating the cases will avoid needless duplicative efforts, as the court would oversee in *Al-Sadhan* similar issues of law and fact, dispositive motions, and other requests—such as requests for judicial notice—that it oversaw in *Al-Ahmed*. Moreover, the U.S. District Judge assigned to *Al-Ahmed* was also assigned to the *Abouammo* criminal matter (which culminated in a jury trial), through which he gained additional exposure to many of the same events alleged here.

**III.    CONCLUSION**

Twitter respectfully requests that the Court order the *Al-Ahmed* and *Al-Sadhan* actions to be related.

Dated: July 5, 2023                                                   KEKER, VAN NEST & PETERS LLP

By:  */s/ Benjamin Berkowitz*
BENJAMIN BERKOWITZ
ANJALI SRINIVASAN
W. HAMILTON JORDAN
RYAN J. HAYWARD

Attorneys for Defendant X Corp., as Successor in Interest to Named Defendant Twitter, Inc.